**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 08-11751 MER |
| ADAM AIRCRAFT INDUSTRIES, INC. ) | |
| EIN:  16-1643299 ) | Chapter 7 |
| ) | |
|     Debtor. ) | |
| ) | |
| ) | |
| ROBERT SCOGGIN, on behalf of himself ) | Adversary No. 08-1366 MER |
| and all others similarly situated, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ADAM AIRCRAFT INDUSTRIES, INC. ) | |
| ) | Signed/Docketed |
|     Defendant. ) | May 21, 2009 |

**ORDER**

THIS MATTER comes before the Court on the Plaintiff's Motion for Leave to Appeal, and Motion for Stay Pending Appeal (the "Motions") and the Chapter 7 Trustee's Objections thereto.[1] The Court has reviewed the pleadings and the file, and hereby makes the following findings and conclusions.

**JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a) and (b) and 157(a) and (b).  This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (B) as it is a matter concerning the administration of the estate and the allowance or disallowance of claims against the estate.

**BACKGROUND**

On March 20, 2009, this Court entered the Order to which the Motions pertain.  The background facts are set forth in detail in that Order and need not be repeated here.  For purposes of this Order, it is sufficient to note the issues addressed in the March 20, 2009 Order arose from (1) Claim No. 292 filed in the underlying bankruptcy case by Robert Scoggin ("Scoggin"), on

---

[1] The Motions and the Objections were filed both in the adversary proceeding and the underlying bankruptcy case.  Accordingly, this Order shall be docketed in both the underlying case, 08-11751-MER, and the adversary proceeding, 08-01366-MER.

behalf of himself and all similarly situated class members in the amount of $11,180,000 (the "Class POC"), asserting priority under 11 U.S.C. § 507(a),[2] and alleging violations of the Worker Adjustment and Retraining Act, 29 U.S.C. § 2101, *et seq.* (the "WARN Act"); and (2) Scoggin's commencement of Adversary Proceeding No. 08-01355 MER (the "Adversary Proceeding") by filing a Complaint against the Debtor (the "Class Complaint") on behalf of Scoggin and approximately 800 similarly situated employees, seeking administrative expenses pursuant to § 503(b) under the WARN Act.

The Court's March 20, 2009 Order addressed the following claim objection and motion in the underlying bankruptcy case and motions filed in the above-captioned adversary proceeding:

1. 08-11751-MER: Trustee's Objection to Claim Number 292

2. 08-11751-MER: Scoggin's Motion Pursuant to F.R.B.P. 9014 Seeking Application of F.R.B.P. 7023 to Claim Number 292

3. 08-01366-MER: Scoggin's Motion for Class Certification and Other Relief (Docket #12)

4. 08-01366-MER: Trustee's Motion for Summary Judgment

5. 08-01366-MER: Trustee's Motion to Stay Discovery Pending Class Certification and Summary Judgment

For the reasons set forth in detail in that Order, the Court (1) denied Scoggin's Motion for Class Certification and Other Relief; (2) denied the Trustee's Motion for Summary Judgment without prejudice pending a determination by Scoggin as to whether he wishes to pursue the Adversary Proceeding individually; (3) continued the Court's prior Order Granting the Trustee's Motion to Stay Discovery Pending Class Certification and Summary Judgment until further order of the Court; (4) granted the Trustee's Objection to Class Claim No. 292, in part; (5) denied Scoggin's Motion Pursuant to F.R.B.P. 9014 Seeking Application of F.R.B.P. 7023 to Claim No. 292; and (6) directed the Trustee to serve the 42 prior employees who were not listed in the Debtor's schedules with notice of the bankruptcy filing, with an extended claims bar date of May 29, 2009.

Scoggin's Motion for Leave to Appeal recognizes the interlocutory nature of any appeal of the rulings on the Motion for Class Certification, the Objection to Claim, and the Motion seeking Application of FED. R. BANKR. P. 7023. *Plaintiff's Motion for Leave to Appeal*, p. 1. However, Scoggin argues an interlocutory appeal is appropriate in this instance because the March 20, 2009 Order effectively ends Scoggin's case, because the ruling denying class certification is manifestly erroneous, and because the ruling declining to apply FED. R. BANKR. P. 7023 involves unresolved issues of law. In the accompanying Motion for Stay Pending Appeal, Scoggin asserts this Court

---

[2] Unless otherwise specified, all future statutory references in the text are to Title 11 of the United States Code.

should exercise its discretion to stay the matter pending appeal because the factors set forth in FED.R.BANKR. P. 7023(f) have been met.

The Trustee objects to the Motion for Leave to Appeal for several reasons. First, he states the pending adversary proceeding is not the appropriate method for pursuing an administrative expense claim or a prepetition claim. Second, he contends the matter does not involve a controlling issue of law upon which there is a substantial ground for differing opinions, and for which the resolution will materially advance the instant litigation. He argues the Court's rulings finding class certification inappropriate were based on the facts of the case and did not present a "pure" question of law justifying an interlocutory appeal under 28 U.S.C. § 1292. Further, the Trustee maintains the filing of the adversary proceeding was unnecessary and therefore does not warrant application of FED. R. CIV. P. 23(f)[3] standards, and points out the rule suggests the appeal of an issue involving class certification must be filed in the first instance with an appeals court, not with the bankruptcy court. As to the Motion for Stay, the Trustee asserts no substantive finding as to Scoggin's claim was made in the March 20, 2009 Order; the Court dealt only with the class claim issue; therefore, there exists no reason for the Court to enter a stay. In addition, he restates his position that RULE 23(f) should not apply and the adversary proceeding is improperly filed. In the alternative, the Trustee alleges Scoggin fails to meet the requirements of RULE 23(f).

## DISCUSSION

Although Scoggin's Motion for Leave to Appeal focuses on RULE 23(f) governing appeals from orders regarding class certification, the Court notes generally, appeals from interlocutory orders are determined pursuant to 28 U.S.C. § 158(a)(3), which gives district courts jurisdiction to hear appeals from interlocutory orders in bankruptcy cases "with leave of court." Moreover, 28 U.S.C. § 158(a)(3) is interpreted according to the general statute addressing interlocutory appeals, 28 U.S.C. § 1292(b). *United Phosporous, Ltd. v. Fox (In re Fox)*, 241 B.R. 224, 233 (B.A.P. 10th Cir. 1999). Accordingly, the Court will examine the Motion for Leave to Appeal in the contexts of both 28 U.S.C. § 1292(b) and RULE 23(f).

### A.     28 U.S.C. § 1292(b)

Pursuant to 28 U.S.C. § 1292(b), a court may certify an issue for interlocutory appeal if it is "of the opinion" that (1) the order "involves a controlling question of law" (2) "as to which there is substantial ground for difference of opinion" and (3) "that an immediate appeal of the order may materially advance the ultimate termination of the litigation." *See Bank of Nova Scotia and Citibank, N.A. v. Reorganized Debtors and the Adelphia Recovery Trust (In re Adelphia*

---

[3] FED. R. CIV. P. 23(f) ("RULE 23(f)"), made applicable to bankruptcy proceedings by FED. R. BANKR. P. 7023, provides:

> A court of appeals may permit an appeal from an order granting or denying class-action certification under this rule if a petition for permission to appeal is filed with the circuit clerk within 10 days after the order is entered. An appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders.

*Communications Corp.)*, ___B.R.___, 2008 WL 5453738, at * 1 (S.D.N.Y. 2008) (slip opinion) and *Kaiser Steel Corp. v. Frates, et al. (In re Kaiser Steel Corp.)*, 911 F.2d 380, 385 (10th Cir 1990) (*overruled in part on other grounds, Connecticut National Bank v. Germain*, 503 U.S. 249 (1992)).[4]  Such certification is limited to cases involving "unique instances" and "most exceptional circumstances." *Hill v. Gibson, Dunn & Crutcher (In re Ms55, Inc.)*, 2008 WL 4490124, at * 1 (D. Colo. Oct. 1, 2008) (slip opinion) (*quoting State of Utah By & Through Utah State Dep't of Heath v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir.1994); *see also Coopers & Lybrand v. Livesay*, 437 U.S. 463, 477 n. 30 (1978) (Interlocutory appeals from discretionary orders are "plainly inconsistent with the policies promoted by § 1292(b)."). Further, the criteria for evaluating interlocutory appeals under 28 U.S.C. § 1292(b) are applicable to bankruptcy appeals. *Twenver, Inc. v. MCA Television, Ltd (In re Twenver, Inc.)*, 127 B.R. 467, 470 (D.Colo.1991).

In the case at bar, Scoggin has not shown the denial of his requests for a class proof of claim or class action certification involve a controlling question of unsettled law. Instead, as the Court noted in its March 19, 2009 Order, although the Tenth Circuit has not ruled definitively on the issue of the propriety of class proofs of claim, authority from other circuits supports this Court's discretion in allowing a class proof of claim or class certification under FED. R. BANKR. P. 7023. *Order*, pp. 7–10.  Relying on a discussion of pertinent case law, the Court went on to deny the request for a class proof of claim, and to determine Scoggin had failed to demonstrate grounds for class certification under RULE 23. *Order*, pp. 10-18.  Therefore, unless Scoggin were to argue the Court should find, based on Tenth Circuit law, that it <u>lacks</u> the discretion to allow a class proof of claim, there has been no showing the Court's March 19, 2009 order fell under the first two criteria of 28 U.S.C. § 1292(b).  Moreover, Scoggin has not shown an appeal of this Order would advance the ultimate resolution of the litigation of his (or any other) WARN Act-based claims.  A class proof of claim or a class action certification may actually impede the normal bankruptcy claims process, where, as here, a bar date has passed and claimants have received notice, with filed claims to be allowed absent the filing of an objection.  11 U.S.C. § 502(a).  Accordingly, the Motion for Leave to Appeal cannot be granted under 28 U.S.C. § 1292(b).

**B.    RULE 23(f)**

Traditionally, no right of appeal exists from a district court's class certification order unless that order dismisses the action or renders a decision on the merits. *Vallario v. Vandehey,*

---

[4] 11 U.S.C. § 1292(b) provides:

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order. Provided, however, that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

554 F.3d 1259, 1261–1262 (10th Cir. 2009). However, since its adoption in 1998, RULE 23(f) allows appeals courts the discretion to permit interlocutory appeals of class certification orders. As the Tenth Circuit noted, since the adoption of the rule, several circuit courts have addressed the issue of when interlocutory appeal is appropriate under RULE 23(f). *Id.*, 554 F.3d at 1262-1263 (*citing Chamberlan v. Ford Motor Co.*, 402 F.3d 952, 959 (9th Cir.2005); *In re Lorazepam & Clorazepate Antitrust Litig.*, 289 F.3d 98, 105 (D.C.Cir.2002); *Lienhart v. Dryvit Sys., Inc.*, 255 F.3d 138, 145 (4th Cir.2001); *Waste Mgmt. Holdings, Inc. v. Mowbray*, 208 F.3d 288, 294 (1st Cir.2000); *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1273 (11th Cir. 2000); and *Blair v. Equifax Check Services, Inc.*, 181 F.3d 832, 834–835 (7th Cir. 1999))[5]

The Tenth Circuit cautions that granting interlocutory appeals constitutes the exception rather than the rule, but recognizes appellate review of a class certification determination may be appropriate in the following circumstances: (1) where the class certification order is a "death knell," likely to force either the plaintiff or the defendant to resolve the case based on that decision, not on the merits; (2) a narrow category of cases involving an unresolved issue of class action law, relevant both to the case at hand and class action cases generally; and (3) where the class certification decision sought to be appealed from is manifestly erroneous. *Id.*, 554 F.3d at 1263-1264. The Court has also noted these categories are not immutable, stating: "special circumstances may lead us to deny a RULE 23(f) petition in a case that seems to fit into one of the three categories we have described. Conversely, unique circumstances may lead us to grant a RULE 23(f) petition in a case that falls outside of these bounds." *Id.*, 554 F.3d at 1264 (citations omitted).

Here, the denial of requests for a class proof of claim and class certification do not require Scoggin to abandon his claim against the Debtor. He may still pursue his individual WARN Act claim and may apply for an administrative expense claim under § 503(b). *See Order*, p. 18. In addition, for the reasons stated above in the discussion of 28 U.S.C. § 1292(b), the Court cannot find Scoggin's arguments raise an unresolved issue of class action law. Finally, Scoggin has not shown manifest error in the Court's March 19, 2009 Order.

Specifically, Scoggin questions the Court's determination he failed to meet the numerosity and typicality requirements of RULE 23(a). However, as noted in the Order:

> A litigant seeking class certification must demonstrate, under a strict burden of proof, all four prerequisites set forth by subsection (a): numerosity, commonality, typicality, and adequacy of representation. *Trevizo v. Adams*, 455 F.3d 1155 (10th Cir. 2006). . . .
>
> In order to meet the element of numerosity, "[t]he burden is upon plaintiffs seeking to represent a class to establish that the class is so numerous as to make joinder impracticable." *Peterson v. Okla. City Housing Auth.*, 545 F.2d 1270, 1273 (10th

---

[5] *See also Hevesi v. Citigroup Inc.*, 366 F.3d 70, 76 (2d Cir. 2004) (*citing In re Sumitomo Copper Litigation*, 262 F.3d 134 (2d Cir. 2001); *In re Delta Airlines, et al.*, 310 F.3d 953, 959-960 (6th Cir. 2002); and *Newton v. Merrill Lynch, Pierce, Fenner & Smith*, 259 F.3d 154, 165 (3d Cir. 2001) (all discussing when an appeal may be allowed under RULE 23(f)).

>Cir.1976).  However, there is "no set formula to determine if the class is so numerous that it should be so certified." *Rex v. Owens ex rel. State of Okla.,* 585 F.2d 432, 436 (10th Cir. 1978). . . .
>
>Regarding the requirement of typicality under FED. R. CIV. P. 23(a)(3), a plaintiff must show his claims or defenses are typical of those of the members of the putative class. *Rector*, 348 F.3d at 949.  [*Rector v. City & County of Denver*, 348 F.3d 935, 949 (10th Cir. 2003)]

*Order*, pp 16-17.  Using the guidance set forth by the Tenth Circuit, the Court found numerosity had not been satisfied because, in the circumstance of bankruptcy where claimants had received notice of their right to file claims, Scoggin had not met his burden of establishing the class to be so numerous as to make joinder impracticable.  *Order*, p. 17.  The Court also found because Scoggin's claim is the only WARN Act claim in the instant case, he had likewise failed to meet his burden of proof to demonstrate his claims to be typical of the members of the putative class.  Accordingly, as it is based on clear application of the Federal Rules and Tenth Circuit binding precedent, the Court cannot find the March 19, 2009 Order contains manifest error.  Thus, because Scoggin has not demonstrated application of RULE 23(f) under the categories set forth by the Tenth Circuit, and because no additional special circumstances in the record before the Court warrant application of RULE 23(f), the Court finds it cannot grant leave to appeal under that rule.  *See Vallario*, 554 F.3d at 1263–1264.

For the above reasons, the Court will deny the Motion for Leave to Appeal, making the Motion for Stay Pending Appeal moot.

IT IS THEREFORE ORDERED the Motion for Leave to Appeal is denied.

IT IS FURTHER ORDERED the Motion for Stay Pending Appeal is denied as moot.

Dated May 21, 2009

BY THE COURT:

Michael E. Romero
U.S. Bankruptcy Judge